UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CAROLYN J. ELLIS,                                    Case No. 3:11-cv-00076-HA

         Plaintiff,                                           OPINION AND ORDER

       v.

COMMISSIONER of Social Security,

         Defendant.

HAGGERTY, District Judge:

      Plaintiff Carolyn Ellis seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision must be reversed and remanded for further proceedings.

**STANDARDS**

      To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

OPINION AND ORDER- 1

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). If the Commissioner meets this burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either

OPINION AND ORDER- 2

outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed her application for DIB on December 19, 2006. She alleged that she has been disabled since February 1, 2002, when she was fifty-one years old, based on a number of physical impairments, including: degenerative disc disease, bilateral hip replacement, and hip arthritis. She was last insured for benefits on June 30, 2003. Her application was denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a video hearing on March 31, 2009. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE). Following the hearing, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff's sole severe impairment was her left hip total arthroplasty (left hip replacement due to left hip osteoarthritis). Tr. 25, Finding 3.[1] The ALJ then determined that plaintiff's impairment did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 25, Finding 4. Thus, the ALJ needed to determine plaintiff's RFC.

After consulting the record, the ALJ found that plaintiff had the RFC to perform the full range of light work. Tr. 26, Finding 5. Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff was able to perform her past relevant work as a dry cleaner. Tr. 32, Finding 6. Accordingly, the ALJ concluded that plaintiff was not disabled. The Appeals Council

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**DISCUSSION**

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for an immediate award of benefits based on several alleged errors in the ALJ's decision, including: (1) improperly rejecting the opinion of her treating physician, Dr. Karl Wenner; (2) improperly rejecting plaintiff's testimony; and (3) finding that plaintiff is capable of light work. Because the first two assignments of error compel a remand for further proceedings, the court need not discuss the final issue.

1.      **Medical opinion evidence**

Plaintiff asserts that the ALJ failed to discuss and consider Dr. Wenner's July 2007 evaluation of plaintiff's functional limitations. The ALJ never discussed Dr. Wenner's 2007 report in his decision. Instead, the ALJ solely discussed Dr. Wenner's treatment notes up to August 2003, and noted that plaintiff's complaints of right hip pain were diagnosed after her date last insured. Tr. 28.

An ALJ generally should give the greatest weight to a treating physician's opinion in disability cases. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010) (citation omitted). Where a treating physician's opinion is uncontradicted by another doctor's opinion, the ALJ may reject it only by stating clear and convincing reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinion is contradicted by another doctor, it can be rejected for specific and legitimate reasons supported by substantial evidence in the record. *Id.* The opinion of a non-examining physician

OPINION AND ORDER- 4

cannot by itself constitute substantial evidence that justifies an ALJ's rejection of a treating physician's opinion. *Id.* at 831.

In this case, it appears that Dr. Wenner's opinion is uncontradicted. Plaintiff's medical records were reviewed in 2007 by two state physicians who neither examined nor treated plaintiff. Tr. 218, 229. Both physicians determined that there was insufficient evidence to make a disability finding. *Id.* The physicians' reports did not include an opinion as to plaintiff's functional limitations and lacked any specific findings to contradict Dr. Wenner's opinion. *Id.* Accordingly, the ALJ should have provided clear and convincing reasons for rejecting plaintiff's treating physician's opinion. Even if this court gives the non-examining physicians' opinions the benefit of the doubt, the ALJ was required to at least state specific and legitimate reasons for rejecting Dr. Wenner's opinion. The ALJ failed to meet either standard.

The ALJ discussed Dr. Wenner's treating notes dating back to 2000, but entirely failed to mention Dr. Wenner's 2007 RFC evaluation of plaintiff. In his report, Dr. Wenner opined that plaintiff was unable to work an eight-hour day and would likely experience daily pain episodes that would cause her to be unpredictably absent from work. Tr. 115-16, 228. Doctor Wenner opined that plaintiff would experience pain after thirty minutes of sitting, within fifteen minutes of standing, and could only occasionally lift up to ten pounds during the day. Tr. 115. He also opined that plaintiff's limitations existed since 2002, and would last until six months after her surgery. Tr. 116. The ALJ provided no explanation for why he failed to consider this report even though he acknowledged receipt of the document at the hearing. Tr. 35-36.

Based on the ALJ's references to the limited medical evidence during the relevant time period, and his conclusion that plaintiff's right hip pain occurred after the date last insured, the

OPINION AND ORDER- 5

court can only assume that the ALJ disregarded Dr. Wenner's later records because they post-dated plaintiff's last insured date.  The Ninth Circuit has explicitly stated that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition."  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (quoting *Lester*, 81 F.3d at 832).  Plaintiff's medical records just a few weeks after her date last insured demonstrate increasing back and right hip pain similar to the complaints that led to plaintiff's left hip surgery.  *See* Tr. 221, 295.  Plaintiff's records also indicate that her symptoms may have been present prior to the expiration of her insured status.  Tr. 198, 295.  In his RFC evaluation, Dr. Wenner opined that plaintiff's functional limitations resulting from her many impairments were present since 2002.  Tr. 116.  According to plaintiff, Dr. Wenner also believed that plaintiff's pars defect existed since her adolescence.  Tr. 60-61.

While the time lapse between Dr. Wenner's opinion and the expiration of plaintiff's status may detract from the weight of his opinion, the ALJ was not permitted to disregard it without comment.  *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (noting that after-the-fact diagnoses are "notoriously unreliable," but that an ALJ must explain why significant probative evidence presented by the claimant was rejected).  The ALJ therefore erred by failing to discuss or otherwise consider Dr. Wenner's opinion.

        2.        **Credibility determination**

In her second assignment of error, plaintiff contends that the ALJ improperly rejected her subjective pain complaints and description of her functional abilities.  A claimant bears the initial burden of producing objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of symptom.  *Tommasetti v. Astrue*, 533

OPINION AND ORDER- 6

F.3d 1035, 1039 (9th Cir. 2008) (citation omitted). If the claimant meets this threshold, and there is no affirmative evidence of malingering, then "the ALJ may reject the claimant's testimony about the severity of his or her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.*; *see also* Social Security Ruling (SSR) 96-7p ("[The ALJ's decision] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.").

An ALJ may weigh a claimant's credibility using ordinary techniques of credibility evaluation, including the claimant's reputation for lying, inadequately explained failures to seek treatment or to follow a prescribed course of treatment, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). A claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F.R.§ 404.1529(c)(2). However, if the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

Because the ALJ cited no evidence of malingering, the ALJ had to provide clear and convincing reasons why plaintiff's testimony about her limitations was unpersuasive. The ALJ determined that plaintiff's statements were not entirely credible because "very little medical evidence" supported her complaints, plaintiff's level of activity was consistent with the ability to perform light work, Dr. Wenner did not schedule a follow-up appointment after plaintiff's surgery until one year later, and plaintiff's statements conflicted with Dr. Wenner's treatment notes. Tr. 27-28. The court finds that these reasons are not supported by the record.

OPINION AND ORDER- 7

The ALJ's most obvious error is that he discounted plaintiff's credibility because he believed plaintiff had testified that the discrepancy between her leg lengths following her first hip surgery was three inches rather than the one centimeter measured by Dr. Wenner. Tr. 28. A review of the oral transcript, however, reveals that plaintiff testified that her left leg was three-eighths of an inch shorter than her right leg, which is roughly equal to one centimeter. Tr. 44. The ALJ improperly discredited plaintiff's testimony on this ground.

Additionally, Dr. Wenner's records indicate that plaintiff was ambulating without difficulty and able to walk a couple of miles in August 2002, approximately five months after her left hip arthroplasty. Tr. 223. His notes do not explain how often plaintiff was able to walk a "couple of miles," or how long it took her to complete that distance. As such, they do not directly contradict plaintiff's testimony that she was trying to walk a mile a day with breaks, and was able to complete household chores over the day with frequent breaks. Tr. 48-53, 64. Plaintiff also explained that she did not see Dr. Wenner for one year because she thought he would not be able to help her until her muscle strength returned and she simply dealt with the pain. Tr. 59, 65-66.

As previously discussed, the ALJ also erred by only considering plaintiff's treatment records prior to her date last insured. Accordingly, the ALJ may not reject plaintiff's testimony based on a lack of supporting medical evidence when he only reviews a portion of the relevant evidence.

In finding that plaintiff was not disabled, the ALJ also relied on plaintiff's delay in filing her present DIB application. The ALJ explained that because plaintiff did not appeal her previous application for DIB and did not file the present application for benefits until four years

OPINION AND ORDER- 8

later, he inferred that plaintiff was not experiencing any disabling symptoms during that time. Tr. 28. Defendant argues that such a presumption was proper according to Acquiescence Ruling 97-4(9). This ruling, based on the Ninth Circuit's decision in *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), provides that when the Commissioner is adjudicating a claimant's subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim on which the ALJ has made a final decision of non-disability, the Commissioner will apply a presumption of continuing non-disability. Acquiescence Ruling 97-4(9), 1997 WL 742758, *2-3 (Dec. 3, 1997); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (discussing *Chavez*, 844 F.2d at 693-94, and noting that a claimant must overcome a presumption of non-disability that attaches to an ALJ's unchallenged finding of non-disability).

Although res judicata principles could apply in certain circumstances, such a presumption was inappropriate in this case. Plaintiff's prior application for DIB was denied at the initial level without further action, so an ALJ had not made a disability determination from which the presumption could run. *See* Tr. 135-36. The record also reflects that the Commissioner screened for a prior disability finding subject to the *Chavez* rule and concluded that none existed. Tr. 145. Additionally, plaintiff's medical records indicate that during the interim period between her prior denial and her present application for benefits, plaintiff underwent two total hip replacement surgeries. Even if a presumption applied, plaintiff has presented evidence of changed circumstances sufficient to rebut the presumption. *See Stubbs-Danielson*, 539 F.3d at 1173.

The ALJ's finding that plaintiff maintained the RFC to perform her past relevant work was premised on the ALJ's rejection of plaintiff's testimony and without any consideration of the

OPINION AND ORDER- 9

2007 RFC evaluation by Dr. Wenner. Because this evidence was improperly rejected, the ALJ's ultimate non-disability determination was not supported by substantial evidence.

### 3. Remand

Generally, when a reviewing court reverses an administrative determination, the proper course is to remand to the agency for further proceedings. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A remand for further proceedings is unnecessary, however, if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.

Although plaintiff asks this court to credit her testimony and the improperly rejected opinion of Dr. Wenner as a matter of law, *see Lester*, 81 F.3d at 834, the credit-as-true rule does not require a remand for benefits when outstanding issues must be resolved before a proper disability determination can be made, even after the evidence at issue is credited. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (citation omitted). In this case, issues regarding the severity of plaintiff's right hip and back impairments, and the onset date of her alleged disability remain unresolved.

Doctor Wenner's opinion, while relevant, does not establish the exact date of plaintiff's disability. He opines that plaintiff's significant functional limitations existed since 2002, and would be expected to last until at least six months after surgery. Tr. 115-16. His opinion, even when supported by plaintiff's testimony, does not necessarily establish that plaintiff suffered the

OPINION AND ORDER- 10

disabling limitations cited by Dr. Wenner for a duration of at least twelve months prior to the date her insurance lapsed. Accordingly, this court must remand the case for further proceedings. Upon remand, the ALJ is required to consider the opinion of Dr. Wenner, other medical evidence that is dated after the expiration of plaintiff's insured status, and plaintiff's statements. The ALJ is also required to consult a medical expert regarding the onset date of plaintiff's disability. *See* SSR 83-20.

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Carolyn Ellis's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this 6th day of March, 2012.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 11